UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BOBBY WESTON,

                              Petitioner,

            -against-

UNITED STATES OF AMERICA,

                              Respondent.
-----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3-28-12_

11 Civ. 2151 (PKC)
04 Cr. 801 (PKC)

MEMORANDUM AND ORDER

P. KEVIN CASTEL, District Judge:

            Petitioner Bobby Weston, who is represented by counsel, has filed a petition to

vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, asserting that he was

denied the effective assistance of counsel in violation of the Sixth Amendment.  For the reasons

explained, the petition is denied.

            The petitioner was tried with seven co-defendants, all of whom were alleged to

have participated in a marijuana distribution conspiracy based in New York City.  A fifteen-

count Superseding Indictment included one count against the petitioner, charging him with

conspiracy to distribute and to possess with intent to distribute 1,000 kilograms or more of

marijuana, in violation of 21 U.S.C. § 846.  (S21 04 Cr. 801 (PKC).)  Following a six-week trial,

the jury found petitioner guilty.  On December 15, 2006, the undersigned sentenced petitioner to

121 months' imprisonment, to be followed by five years of supervised release, and a $100

special assessment.  (08 Cr. 801, Docket # 376.)

            Petitioner thereafter filed two motions seeking a judgment of acquittal or,

alternatively, a new trial, both of which this Court denied.  United States v. Brown, 2006 WL

2724025 (S.D.N.Y. Sept. 22, 2006); United States v. Brown, 2008 WL 2229828 (S.D.N.Y. May

28, 2008).  In a summary order, the United States Court of Appeals for the Second Circuit

affirmed petitioner's conviction and the denial of his motions for a new trial.  United States v. Shaw, 354 Fed. Appx. 439 (2d Cir. 2009).  Petitioner's subsequent petition for rehearing en banc was denied, as was his petition for a writ of certiorari.  This Court thereafter denied petitioner's third motion for a new trial, United States v. Weston, 2010 WL 479082 (S.D.N.Y. Feb. 5, 2010), and subsequently denied his motion for reconsideration (04 Cr. 801, Docket # 576).  The Second Circuit dismissed petitioner's appeal.

In the present section 2255 motion, petitioner asserts that he was denied the effective assistance of counsel at trial in violation of the Sixth Amendment, and that his sentence therefore should be vacated.

Under Strickland v. Washington, 466 U.S. 668, 688-90 (1984), a defendant first must overcome a presumption of effective representation by presenting evidence that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms.  Second, the defendant must prove prejudice by showing a reasonable probability that but-for counsel's performance, the result would have been different.  Id. at 692-96.  It is insufficient to show that counsel's errors had "some conceivable effect" on the outcome.  Id. at 693.  Instead, the defendant must show "a probability sufficient to undermine confidence in the outcome."  Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994).  This assessment "may be made with the benefit of hindsight."  Id.

I address the petitioner's ineffectiveness claims in turn.

First, petitioner argues that trial counsel was ineffective in failing to move for suppression of a post-arrest statement.  This statement involved petitioner's relationships with members of the conspiracy and knowledge about marijuana shipments from Arizona to New York, including a member's request to package marijuana at petitioner's Arizona residence.

(Gov. Mem. at 4.)  Petitioner contends that in July 2005, after an appearance in state court on unrelated assault charges, he was taken into custody and interrogated by a New York Police Department ("NYPD") detective.  (Pet. Mem. at 28-29.)  The next day, a federal complaint was filed against the petitioner, who was transferred to federal custody and presented before a United States Magistrate Judge.  (Pet. Mem. at 29.)  According to the petitioner, the NYPD detective "was in effect acting as an agent for the F.B.[I]." and the "sole purpose" of state custody was "to circumvent" the six-hour presentment requirement of section 3501(c).  (Pet. Mem. at 29.) Petitioner contends that, in violation of 18 U.S.C. § 3501(c)[1] and Rule 5(a), Fed. R. Crim. P., his presentment before a United States Magistrate Judge was "'unnecessarily' delayed," and that any statements made prior to presentment should therefore be suppressed.  (Pet. Mem. at 25-35.)

Under Kimmelman v. Morrison, 477 U.S. 365, 375 (1986), to establish a Strickland violation, the petitioner must establish both that a suppression motion would have succeeded, and that "there is a reasonable probability that the verdict would have been different absent the excludable evidence . . . ."  Petitioner has not established a probability of either the success of such a motion or that a successful motion would have resulted in a different verdict. As held in United States v. Alvarez-Sanchez, 511 U.S. 350, 358 (1994), section 3501(c) applies only when a person has been arrested on a federal offense and not a state offense.  "This is true even if the arresting officers (who, when the arrest is for a violation of state law, almost certainly will be agents of the State or one of its subdivisions) believe or have cause to believe that the person also may have violated federal law."  Id.  The petitioner has set forth no basis in law or fact from which to apply section 3501(c) to his period of custody with the NYPD.  Separately,

---

[1] The statute provides that any confession while made in custody "shall not be inadmissible" solely due to delay in presentment "if such confession is found by the trial judge to have been made voluntarily and if the weight to be given the confession is left to the jury and if such confession was made or given by such person within six hours immediately following his arrest or other detention."  18 U.S.C. § 3501(c).

even if the petitioner were to set forth a basis for the success of such a motion, the jury

considered extensive evidence from numerous witnesses as to his involvement in the underlying

conspiracy.  Counsel offers only conclusory observations as to the "[d]ecisive [e]ffect" of a

successful suppression motion.  (Pet. Mem. at 34-35.)  He is not entitled to relief under section

2255 based on trial counsel's failure to move to suppress his statements while in NYPD custody.

       Second, petitioner argues that counsel failed to investigate two possible avenues

of defense: the status of his Jamaican passport, and documentation as to an apartment that

petitioner leased in Tucson, Arizona.  (Pet. Mem. at 35-45.)  Under Strickland, counsel has "a

duty to make reasonable investigations or to make a reasonable decision that makes particular

investigations unnecessary."  Cullen v. Pinholster, 131 S. Ct. 1388, 1407 (2011) (emphasis in

original; quotation marks omitted); see also Strickland, 466 U.S. at 690-91; Greiner v. Wells,

417 F.3d 305, 320-21 (2d Cir. 2005).  Petitioner argues at length about the role of the Vienna

Convention on Consular Relations of 1963 and the rights of a detained foreign national to

communicate with and receive assistance from the relevant consulate.  (Pet. Mem. at 36-40.)

Petitioner asserts that his attorney took no steps to inform the Jamaican counsel of his custody or

to advise him of his right to contact Jamaican counsel.  (Pet. Mem. at 40-41.)  In asserting a

resulting prejudice, petitioner argues only that the failure to contact the Jamaican consulate

prevented him from offering testimony authenticating his passport.  (Pet. Mem. at 41.)  Yet

petitioner's trial counsel introduced alibi evidence based on the passport, which was cited in

closing summations.  (Trial Tr. at 3086.)  The government did not challenge the validity or

authenticity of the passport.  The petitioner has not established that counsel unreasonably failed

to contact the Jamaican consulate.  Petitioner also has failed to identify resulting prejudice.

Petitioner relatedly argues that trial counsel was ineffective by failing to investigate evidence concerning his apartment in Tucson, Arizona.  (Pet. Mem. at 42-45.) According to petitioner, his apartment was 688 square feet, in a complex that permitted truck deliveries by appointment only.  (Pet. Mem. at 43.)  Petitioner describes the residence as a "tiny one bedroom apartment" that "could not accommodate 6 people," and that the documentation would have impeached the "sole[ ]" witness, Tedane Muir, whose purportedly uncorroborated testimony identified petitioner's involvement in marijuana packaging and transport activities in Arizona.  However, at least three additional witnesses corroborated petitioner's involvement in trucking thousands of pounds of marijuana for transport out of Arizona, including at the home of Enrico Thomas.  (Gov. Mem. at 3-4.)  Petitioner has not established a reasonable probability of a different outcome in the event that Muir's testimony had been impeached through documents related to the Arizona apartment.

Third, petitioner asserts that trial counsel was ineffective by failing to "properly represent" a statement overheard by a juror and to demand a subsequent hearing on the matter. (Pet. Mem. at 45-47.)  During trial, Juror Number 7 informed the Court that she overheard a conversation between trial counsel and a spectator involving petitioner's baby, and informed two fellow jurors of the conversation.  (Pet. Mem. at 46.)  Petitioner's trial counsel also came forward and described the conversation.  (Trial Tr. at 1858.)  Counsel stated that the conversation was limited to issues regarding "the baby" and her presence at school, which was consistent with the juror's summary.  (Trial Tr. at 1858-61.)  Petitioner now contends that in the conversation overheard by the juror, the juror learned that petitioner was in jail.  (Pet. Mem. at 46.)  The assertion as to petitioner's custody is premised on an affidavit, dated March 25, 2011, signed by

the mother of one of petitioner's children, who states that she had been discussing petitioner with his trial counsel, and that several times, they identified petitioner as being in jail.  (Pet. Ex. U.)

The Court invited counsel to be present at sidebar during its on-the-record interview of Juror Number 7, and all counsel elected not to participate.  (Trial Tr. at 1859, 1861.) The Court also invited counsel to request interviews of the additional jurors, and no such interviews were requested.  (Trial Tr. at 1862.)  When questioned by the Court about what she had overheard, Juror Number 7 made no assertion about petitioner's presence in jail, described a conversation regarding a child's school attendance, and confirmed that she had heard nothing that would influence her deliberations.  (Trial Tr. at 1859-61.)

According to petitioner, trial counsel was ineffective in failing to demand participation in the sidebar, failing to cite any discussion of petitioner's custody, and failing to demand a hearing pursuant to Remmer v. United States, 347 U.S. 227 (1954).  The petitioner has not established unreasonableness or prejudice.  Trial counsel alerted the Court to the contents of the conversation, after which, the Court questioned the juror as to what she overheard.  The juror made no mention as to overhearing the petitioner's custodial status and expressly stated that the incident would have no effect on her deliberations.  There is no basis from which to conclude that Juror Number 7 overheard remarks about petitioner's custody or that prejudice resulted.

Fourth, petitioner asserts that counsel was ineffective in failing to object to certain statements made in the government's opening and summation.  (Pet. Mem. at 47-52.)  Petitioner notes that the government referred to "the defendants" and "these defendants" when describing charges of weapons possession and murder, and asserts that by not distinguishing between the various defendants, the government "implanted in the mind of the jury that appellant was involved in a double homicide."  (Pet. Mem. at 48.)  Petitioner also cites to certain other

statements made by prosecution that, he contends, should have elicited an objection from trial counsel, concluding, "There was nothing preventing trial counsel from objecting to each and every false statement and inference drawn by the Government."  (Pet. Mem. at 47-50, 52.)  In his direct appeal, the petitioner previously argued that these statements denied him his constitutional right to a fair trial, which the Second Circuit denied in light of "overwhelming evidence" of guilt.  Shaw, 354 Fed. Appx. at 445.  Petitioner has failed to establish prejudice based on the failure to object.  Petitioner argues that counsel ineffectively failed to object to the government's comment concerning his decision not to call a specific witness.  (Pet. Mem. at 50.)  In the summation, the government observed that petitioner had elected not to subpoena a detective who questioned petitioner.  (Trial Tr. at 3274.)  The Second Circuit has noted that "there is no deprivation of a defendant's constitutional rights by permitting the jury to draw an adverse inference against him for his failure to call an available material witness."  United States v. Caccia, 122 F.3d 136, 140 (2d Cir. 1997).[2]  In light of the foregoing, petitioner has not established prejudice or ineffectiveness.

Fifth, the petitioner argues that trial counsel was ineffective in failing to inform him unequivocally that he could testify in his own defense, despite counsel's recommendation that he not do so.  (Pet. Mem. at 52-55.)  Brown v. Artuz, 124 F.3d 73 (2d Cir. 1997), concluded that a criminal defendant has a personal right to choose whether to testify, and that in asserting counsel's ineffectiveness in failing to expressly inform a defendant of this right, the petitioner has the burden of proving both Strickland prongs.  Brown concluded that the petitioner failed to

---

[2] The petitioner's brief misquotes the government as saying the following: that Weston did not "deny that he sold marijuana, he simply said he did not want to incriminate himself."  (Pet. Mem. at 50, quoting Trial Tr. at 3288.)  This is not what the government said.  In reviewing Weston's statements to law enforcement, the government said, "Weston stated that he was not denying that he sold marijuana, but he was not willing to talk about it, stating, 'I can't incriminate myself.'"  (Trial Tr. at 3287-88.)  Moreover, the government's comments were directed to false exculpatory statements and not to conduct at trial.

establish prejudice.  Id. at 81.  In addition, a district court is not required to conduct an

evidentiary hearing when the petitioner's evidentiary proffer supports "a generic claim – one that

can be, and is often, made in any case in which the defendant fails to testify – based solely on his

own highly self-serving and improbable assertions."  United States v. Chang, 250 F.3d 79, 86 (2d

Cir. 2001) (affirming district court's denial of habeas relief arising out of petitioner's claim that

counsel "prohibited" him from testifying).

The petitioner contends that counsel ignored his request to testify, and that he

would have given exculpatory testimony in his own favor.  (Pet. Mem. at 53-54.)  In an affidavit,

petitioner states that "[f]rom the very beginning" and "throughout the prosecutor's case," he told

trial counsel that he wished to testify, but that counsel "never told me that I had an absolute right

to testify."  (Weston Aff't ¶ 18.)  He states that he "would have insisted on taking the stand" had

he known that the right was absolute.  (Weston Aff't ¶ 18.)  By contrast, petitioner's trial counsel

has submitted an affirmation stating that they "had numerous conversations" about whether

petitioner should testify, that he advised petitioner not to do so, and that "[a]t no time" did

petitioner state that he wanted to testify.  (Hochbaum Aff. ¶¶ 2-4.)

In his affidavit, petitioner sets forth the testimony that he would have given.

Among other things, he would have testified that he started a small trucking company at the

point and time after the conspiracy was alleged to have ended.  (Weston Aff't ¶ 19(b).)  He

would have testified that he came to the United States from a town in Jamaica that was far from

Kingston, which was home to his co-defendants.  (Weston Aff't ¶ 19(c).)  He would have

testified that co-defendant Boyd Campbell was his wife's cousin, and that he worked for

Campbell in an auto detailing shop from 2001-2003, during which time he acquired several cars

for purchase and re-sale.  (Weston Aff't ¶ 19(d-e).)  Petitioner's other avenues of testimony go to

issues previously discussed in this Memorandum and Order, including his lease in Arizona, passport status, and statements made while in NYPD custody.  (Weston Aff't ¶ 19(f-i).)

In this instance, as in <u>Brown</u>, the Court does not need to reach the issue of actual ineffectiveness and the parties' conflicting evidence, because the petitioner's proposed testimony does not establish a "reasonable probability that the verdict would have been different."  124 F.3d at 81.  As they are described in the affidavit, any legitimate business dealings do not themselves refute the evidence of his guilt.  In addition, the petitioner would have been subjected to cross-examination by the government.  In light of the "overwhelming evidence" that Weston participated in the conspiracy and was "guilty of the crimes charged," <u>Shaw</u>, 354 Fed. Appx. at 445, the testimony proposed by petitioner does not raise the probability of a different verdict.

Lastly, petitioner asserts that the cumulative effect of trial counsel's purported errors resulted in prejudice.  In light of the foregoing, I conclude that this argument is meritless.

CONCLUSION

The Petition is DENIED.  The Clerk is directed to enter judgment for the respondent (11 Civ. 2151) and to terminate the Petition.  (04 Cr. 801, Entry of 3/29/11.)

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  28 U.S.C. § 2253; <u>see</u> <u>Lozada v. United States</u>, 107 F.3d 1011, 1016-17 (2d Cir. 1997), <u>abrogated on other grounds by</u> <u>United States v. Perez</u>, 129 F.3d 255, 259-60 (2d Cir. 1997).  This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and <u>in forma pauperis</u> status is denied.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
       March 28, 2012

_____
            P. Kevin Castel
      United States District Judge